793 So.2d 85 (2001)
Meredith L. SCOTT, M.D., as Successor Trustee under the Trust Agreement dated May 15, 1989, Appellant,
v.
POLK COUNTY, a political subdivision of the State of Florida, Appellee.
No. 2D00-2398.
District Court of Appeal of Florida, Second District.
August 15, 2001.
David H. Simmons of Drage, de Beaubien, Knight, Simmons, Mantzaris & Neal, Orlando, for Appellant.
Mark M. Miller and Theodore W. Weeks, IV, of Lane Trohn Bertrand & Vreeland, P.A., Lakeland, for Appellee.
THREADGILL, Acting Chief Judge.
In this zoning case, Meredith L. Scott, M.D., as trustee of property owned by a group of individuals known as the Lake Kissimmee Partnership (LKP), challenges a nonfinal order dismissing a pending special master proceeding. Because the order *86 here is not properly reviewable as an interlocutory appeal pursuant to Florida Rule of Appellate Procedure 9.130, we treat Scott's notice of appeal as a petition for writ of common law certiorari. See Art. V, § 2(a), Fla. Const.; Fla. R.App. P. 9.040(c). We grant the petition.
In March 1999, the Polk County Board of County Commissioners denied a Planned Unit Development (PUD) application submitted by Scott for the LKP property. The proposed PUD sought to convert the waterfront portion of the LKP's property into a marina and resort.
After the PUD application was denied, Scott, on April 22, 1999pursuant to section 70.51(4), Florida Statutes (1999)filed a letter with the county board, seeking alternative, nonjudicial review of the board's order by a special master, who, as provided by the statute, would be duly chosen by both Scott and the county board. Eight days later, on April 30, 1999, Scott filed this lawsuit against Polk County, alleging that, with regard to his PUD application, his substantive due process rights were violated by unlawful, ex parte communications between county personnel and the South Florida Water Management District, which had a prospective interest in the LKP property. Scott claimed that those ex parte communications were improperly considered and were instrumental in the county board's denial of the subject PUD application. On October 19, 1999, Scott filed an amended complaint, alleging more specific due process violation claims against the county, pursuant to 42 U.S.C. § 1983 (1999). All efforts by the county to dismiss Scott's lawsuit were denied by the trial court.
On November 22, 1999, the special master filed a "Mediator's Report" in Scott's civil lawsuit, indicating that a proper section 70.51 special master proceeding had been conducted but had culminated in an impasse. The report went on to indicate that the special master was prepared to continue either "upon agreement of the parties or further direction of [the trial] court."
On February 10, 2000, the county filed in the civil lawsuitan amended motion to dismiss, abate, or stay the special master proceedings. After a hearing, the trial court entered an order, dismissing the special master proceedings. The trial court found that the special master proceedings were intended only as an alternative to judicial proceedingsof any kind, presumably and that, once judicial proceedings were instituted, the right to a special master proceeding was waived.
On review, Scott, in essence, contends that the trial court departed from the essential requirements of the law in dismissing the special master proceedings, because it was without jurisdiction to do so. We agree.
The instant judicial action involves a § 1983 due process claim, which, in the context of a zoning case, may be viewed as an action independent and distinct from the judicial review process relating to the approval or denial of a zoning request. See Jennings v. Dade County, 589 So.2d 1337 (Fla. 3d DCA 1991) (holding that an original judicial action for declaratory and injunctive relief regarding due process violations in a quasi-judicial zoning proceeding before a county board can be maintained apart from the judicial review process of the board's actual zoning decision). On the other hand, the section 70.51 special master proceeding at issue herein is an alternative dispute resolution process instituted to resolve challenges to the actual merit of a zoning decision, in lieu of judicial review. This court reaches no conclusion as to whether, pursuant to Jennings, section 70.51 special master proceedings *87 may be maintained simultaneously with a § 1983 judicial proceeding arising from the process employed by a governmental entity in evaluating a zoning request. We do conclude, however, that the trial court in this instance was without the legal authority to dismiss the special master proceeding.
Section 70.51 provides for optional review by a special master of final zoning decisions issued by governmental entities. The option may be exercised before judicial review of a zoning decision is sought. § 70.51(10)(a). If the option is exercised, the time for filing a judicial challenge to a final zoning decision is tolled "until the special master's recommendation is acted upon by the local government." Id. The property owner's election to file for judicial review of a final zoning order prior to initiating a nonjudicial proceeding under the statute waives any right to a special master proceeding. Id. Judicial review of a final zoning order is obtained by certiorari in the circuit court and then, if necessary, by certiorari in the district court. See ABG Real Estate Dev. Co. of Fla., Inc. v. St. Johns County, 608 So.2d 59, 61-62 (Fla. 5th DCA 1992). In this instance, judicial review of the subject zoning order has not been initiated.
The plain language of section 70.51 indicates that the alternative proceedings contemplated by that section are informal and nonjudicial and are controlled strictly by the special master and the parties. No provision within section 70.51 confers jurisdiction on any court of law or otherwise authorizes judicial intervention or involvement in a special master proceeding, because judicial review of a zoning decision is an entirely separate formal process that may be initiated. See § 70.51(10)(a)-(b); see also ABG, 608 So.2d at 61-62. The trial court in this instance was therefore without the authority to intervene in the special master proceedings or to otherwise dismiss them. It thus departed from the essential requirements of the law in doing so.
Based on the foregoing, common law certiorari is granted. The trial court's order is quashed, and this cause is remanded for further proceedings consistent with this opinion.
STRINGER and SILBERMAN, JJ., Concur.